C/H 11.9.09 @ 3:30 p.m.
OLF

## IN THE COUNTY CIVIL COURT OF THE
## 7TH JUDICIAL COURT, FLAGLER COUNTY,
## STATE OF FLORIDA

**MERISCA HESS and EDWARD HESS,**

    Plaintiffs,

-vs-

Case No. 3:09-cv-1210-J-12 HTS
HON.

**NATIONAL CREDIT AUDIT CORPORATION,**
**f/k/a Resident Data Financial,**

    Defendant.
_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM
_____/

### COMPLAINT AND DEMAND FOR JURY

Plaintiffs, MERISCA HESS and EDWARD HESS, ( hereinafter "Plaintiff") by and through counsel, brings this action against the above listed Defendant, NATIONAL CREDIT AUDIT CORPORATION, f/k/a Resident Data Financial, (Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*, and seeks actual damages, punitive damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Palm Coast, Flagler County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Debt Collector headquartered in the State of Texas with the actions in this case taking place at Plaintiff's home location in Flagler County, Florida.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not;

(12) Orally communicate with a debtor in such a manner as to give the false impression or appearance that such person is or is associated with an attorney; and

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

18.

Plaintiff is receiving numerous phone calls from Defendant representatives in regards to the collection of an alleged debt.

19.

This alleged debt derives out of an apartment lease in the amount of $2,118.00. The phone number that Defendant is repeatedly calling Plaintiff from is 800-779-4894. Plaintiff receives many phone calls from a "Melissa."

20.

Defendant has threatened to file a lawsuit against Plaintiff, and to date, no such lawsuit has been filed. **Please see attached Exhibit No. 1.**

21.

Defendant is calling Plaintiff everyday in an attempt to collect on this alleged debt. Plaintiff, Merisca Hess, even had to change her phone number due to the frequent phone calls from Defendant. **Please see attached Exhibit No. 2.**

22.

Defendant is even calling Plaintiff, Edward Hess, at his place of employment.

23.

In fact, after Plaintiff, Edward Hess, asked Defendant, through its representative, "Melissa," to stop calling him at work, she responded by telling him that if he did not call her back that afternoon, she would continue to call Plaintiff at his job. **Please see attached Exhibit No. 1.**

24.

Defendant has been rude and abusive in conversations with Plaintiff.

25.

On September 15, 2009, "Melissa" told Plaintiff, Edward Hess, that she was a lawyer to coerce Plaintiff into paying the alleged debt. Plaintiff then returned her phone call and the operator told Plaintiff that "Melissa" was not a lawyer. **Please see attached Exhibit No. 1.**

26.

Defendant has failed to state their company name in every conversation with Plaintiff, as required by the FDCPA.

27.

Defendant has also failed to state in every conversation with Plaintiff that they are a debt collector attempting to collect a debt, in violation of the FDCPA.

28.

Defendant has called Plaintiff's, Merisca Hess, mother at least two times on her business cellular phone in an attempt to collect on this alleged debt. **Please see attached Exhibit No. 1.**

29.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA. **Please see attached Exhibit No. 2.**

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANT UNDER THE FDCPA

30.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff. **Please see Paragraphs 20, 23, 25, 26, and 27.**

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. **Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, and 28.**

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt. **Please see Paragraphs 20 and 25.**

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, and 28.**

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see Paragraphs 18, 19, and 21.**

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using obscene or profane language the natural consequence of which is to abuse the hearer. **Please see Paragraphs 20, 23, 24, and 25.**

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b by communicating with any person other than the consumer for purposes other than acquiring location information. **Please see Paragraph 28.**

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(1) by communicating with any person other than the consumer and not identifying himself and not stating that he is confirming or correcting location information concerning the consumer. **Please see Paragraph 28.**

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(3) by communicating with any person other than the consumer more than once. **Please see Paragraph 28.**

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer. **Please see Paragraphs 22, 23, and 28.**

40.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. **Please see Paragraphs 22 and 23.**

41.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. **Please see Paragraphs 20, 23, and 25.**

42.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(3) by falsely implying that any individual is an attorney or that any communication is from an attorney. **Please see Paragraph 25.**

43.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity. **Please see Paragraphs 25, 26, and 27.**

44.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector. **Please see Paragraphs 25 and 27.**

45.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

46.

Defendant has violated 559.72(7) by using a harassing, oppressive or abusive method to collect on a debt. **Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, and 28.**

47.

Defendant has violated 559.72 (8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor. **Please see Paragraphs 20, 23, 24, and 25.**

**48.**

Defendant has violated 559.72 (9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. **Please see Paragraphs 20, 23, and 25.**

**49.**

Defendant has violated 559.72 (10) by using a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not. **Please see Paragraphs 20 and 25.**

**50.**

Defendant has violated 559.72 (12) by orally communicating with a debtor in such a manner as to give the false impression or appearance that such person is or is associated with an attorney. **Please see Paragraph 25.**

**51.**

Defendant has violated 559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents. **Please see Paragraphs 25, 26, and 27.**

52.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

53.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCCPA.

54.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory and emotional damages under the FDCPA;
3. For $1,000 and actual damages under 559.72;
4. For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Damages under the FCCPA, and
6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 21st day of October, 2009.

Respectfully submitted,

_____
BRIAN P. PARKER (0000068)
Attorney for Plaintiff

(Ex. #1)

## AFFIDAVIT OF MERISCA & EDWARD HESS

STATE OF FLORIDA    )

COUNTY OF FLAGLER  )

MERISCA & EDWARD HESS being first duly sworn, deposes and says that he/she/they are of suitable age and discretion to testify in a Court of law and that he/she/they make this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1. This is a consumer debt and not a business debt.
2. National Credit Audit Corporation is calling me and harassing me in regards to the collection of an alleged debt.
3. National Credit Audit Corporation has threatened to file a lawsuit against me, and to date, no lawsuit has been filed.
4. National Credit Audit Corporation calls me repeatedly, calling me everyday.
5. I, Edward Hess, have received telephone calls from National Credit Audit Corporation at work.
6. After I, Edward Hess, asked National Credit Audit Corporation to stop calling me at work, the female representative responded that if I did not call back that afternoon, she would continue to call me at my job.
7. Representatives of National Credit Audit Corporation have been rude to me in conversations, stating, among other things, that they would continue to contact me after I have asked them to stop.

### Debt Collection Damages

These are my damages:

| | | |
|---|---|---|
| Sleeplessness | Yes | **No** |
| Fear of answering the telephone | **Yes** | No |
| Nervousness | **Yes** | No |
| Fear of answering the door | Yes | **No** |
| Embarrassment when talking to or seeing friends or family | Yes | **No** |
| Depression (sad, anxious, or "empty" moods) | Yes | **No** |
| Chest Pain | Yes | **No** |
| Feelings of hopelessness, pessimism | Yes | **No** |
| Feelings of guilt, worthlessness, helplessness | Yes | **No** |
| Appetite and/or weight loss or overeating and weight gain | Yes | **No** |
| Thoughts of death or suicide; suicide attempts | Yes | **No** |
| Restlessness, irritability | **Yes** | No |
| Other physical symptoms headaches, digestive disorders, and chronic pain. | Yes | **No** |
| Negative Impact on my job | Yes | **No** |
| Negative Impact on my relationship | Yes | **No** |

Other physical or emotional symptoms that you feel are associated with abusive debt collections:
Stress

Merisca Hess had to change phone number

I swear, under the penalty of perjury, that the above is true:

Edward D Hess JR
Print Name Above

_____
Sign Name Above

Merisca Hess
Print Name Above

Merisca Hess
Sign Name Above

Subscribed and sworn to before me
this _____ day of _____, 2009.

_____
Notary Public



---

8. A representative of National Credit Audit Corporation, known to me only as Melissa, pretended to be a lawyer to coerce us into paying this debt. A return call to the operator of National Credit Audit Corporation revealed that "Melissa" is not a lawyer.

9. In some conversations that I had with National Credit Audit Corporation, they have failed to state that they are a debt collector, attempting to collect a debt.

10. In some conversations that I had with National Credit Audit Corporation, they have failed to state the name of their company.

11. Representatives of National Credit Audit Corporation called Merisca Hess's mother at least two times on her business cellular phone number regarding this alleged debt.

Case 3:09-cv-01210-HWM-TEM Document 2 Filed 12/09/09 Page 17 of 18 PageID 25

Further, Deponent sayeth not.



Marlene Hess

Edward Hess

Subscribed and sworn to before me this _____ day of _____, 2009.

_____
Notary Public



10/20/2009 14:41 3862533812 DAYTONA TOYOTA PAGE 01/01

### Debt Collection Damages

These are my damages:

| | |
|---|---|
| Sleeplessness | Yes **No** |
| Fear of answering the telephone | **Yes** No |
| Nervousness | **Yes** No |
| Fear of answering the door | Yes **No** |
| Embarrassment when talking to or seeing friends or family | Yes **No** |
| Depression (sad, anxious, or "empty" moods) | Yes **No** |
| Chest Pain | Yes **No** |
| Feelings of hopelessness, pessimism | Yes **No** |
| Feelings of guilt, worthlessness, helplessness | Yes **No** |
| Appetite and/or weight loss or overeating and weight gain | Yes **No** |
| Thoughts of death or suicide; suicide attempts | Yes **No** |
| Restlessness, irritability | Yes **No** |
| Other physical symptoms headaches, digestive disorders, and chronic pain. | Yes **No** |
| Negative impact on my job | Yes **No** |
| Negative impact on my relationship | Yes **No** |


CYA?

Other physical or emotional symptoms that you feel are associated with abusive debt collections:
Stress

Merisca Hess had to change phone number

I swear, under the penalty of perjury, that the above is true:

EDWARD D Hess JR
Print Name Above

_[signature]_
Sign Name Above

Merisca Hess
Print Name Above

_[signature]_ Merisca Hess
Sign Name Above

Subscribed and sworn to before me this 20th day of _____, 2009.

_[signature]_
Notary Public


RUTH D. CHACON
MY COMMISSION # DD 801498
EXPIRES: June 28, 2012